And we will move on to our final argument set for today. Belaustegui v. International Longshore and Warehouse Union, case number 23-55094. Belaustegui v. International Longshore and Warehouse Union Good morning, Your Honors. May it please the Court, Derek Anderson on behalf of Appellant Leon Belaustegui, and I would like to reserve any additional time for rebuttal. We are back here today because the District Court, following remand from this Court on summary judgment again, did not apply the evidence in the light most favorable to my client. And as a result, the District Court improperly determined that my client was not entitled to the exception for the five-year rule, nor was he entitled to credit for his hours drilling on behalf of the Air National Guard. Those are both incorrect determinations because if the Court had correctly applied USERRA liberally, as the statute in the Supreme Court requires, the five-year exception would have been met and my client would have been entitled. Can I ask you, just so I have the facts straight, because I kind of spent some time trying to figure this out. As I understand it, there was nine years and one month of continuous service. Then the National Guard was on top of that, correct? That's correct, Your Honor. The service was between 2000, I believe 2003, to approximately 2004-2013. So your client has to show four years and two months of exempt service. Is that correct? He does, Your Honor. Even if we accepted your argument on the verbal statement, that only gets him—I guess I'm confused as to how much you're tying into that, but I read it to be only eight months. Now maybe it's more than that because subsequent deployments you're claiming are covered by that. Can you help me even get to the four years and two months? Absolutely, Your Honor. The record shows, and based upon my client's testimony and the documents that he submitted, approximately six to seven years of the time for which he's attempting to claim USERRA credit was served because he was in direct support of the global war on terror. And that was all time after the oral statement was made. He alleges the oral statement was made to him in 2007. Which oral statement are you referring to, Your Honor? I thought he said that his commander had told him that he was serving in response to— In order to involuntarily enlist. Yes. Well, his initial service was four years, and then he re-enlisted and then re-enlisted again. But hold on. The statement was made in 2007. That's correct. So even if we accepted your argument that the 2007 statement was enough, I guess is that your argument that everything after that would have been exempt? Correct, because everything he did after 2007, and the record shows this, was in direct support and because of the global war on terror. And as a result of that, he would qualify for the exemption. The issue here, and the issue that the district court had, is that plaintiff didn't present what I referred to during oral argument as a magic letter. In other words, something signed by the secretary of the Air Force himself or herself or that person's designee that specifically said that your orders are— Okay, so it sounds like we need to address that argument or may need to address that argument. How do we read that out of the statute? The statute says it has to be designated by the secretary. The statute does not say that. The statute says that in isolation, but this statute, USERA, is a continuation of statutes that have been in place since— USERA's only been around for 30 years, but it's a continuation of statutes that have far preceded that. And the Supreme Court and Congress itself says all of these previous statutes need to be read together to harmonize all of these provisions to ensure the guiding principle that— Let me ask you this. Let's just assume, for the sake of argument and the question I'm about to present to you, that I disagree with the district court that the statute requires some sort of written affirmative documentation indicating an involuntary enlistment. So let's just assume that for a moment. Your client still has an obligation at summary judgment to point the court to some evidence to raise a genuine issue of material fact as to the issue of an involuntary enlistment, correct? Do you agree with me? Correct. I agree with you. Okay, and it's not the obligation of the other side to disprove a negative. So you have to put something forward to be able to say he received a verbal— we don't have anything in writing, we have no documentation, nothing exists, we're not required to have anything. But you have to show something that raises a genuine issue of material fact with respect to your argument that there was a verbal order. Where did you do that? Well, Mr. Belastegui submitted documentation, and if the court were to review the record at 295, this is the referral by the employers of the dispute to the Joint Coast LRC where initially upon submitting the documentation regarding his orders, regarding the things that he had done, they actually approved him to— But what you're pointing me to in the documents I'm finding in the record are documents showing that he served. So I don't think there's any dispute that he served. The question is whether he served because he voluntarily enlisted or he involuntarily enlisted. That's the basis to be able to get the exemption, right? Correct, and Mr. Belastegui testified, and this is also part of the record, that his commanding officer ordered him to reenlist, and there was a lot of discussion about that. Short of saying that, short of saying I was ordered to reenlist, when asked additional follow-up questions like who was the commanding officer, what date did that happen, anything to provide evidence to establish a material issue of fact, he couldn't provide anything, right? That was at deposition and litigation. At the time he actually submitted his application back in 2013, he wasn't asked who his commanding officer was. He wasn't asked for any— What information did he provide? Point me to where in the record I can find the genuine issue of material fact that you raised at summary judgment to defeat the motion by the defendant on this particular issue of involuntary enlistment. Mr. Belastegui submitted a number of orders as well as a number of citations for the job that he performed when he was actually serving because of the global war on terror that specifically include commendations for his service that reference what he was doing in specific war zones in support of the global war on terror, and he provided all of those things in addition to the testimony to the committee. Can I ask you, there seems to be an assumption here that the statement he made is not enough. Do you disagree? Let's say he didn't present anything else. The fact that he made the statement that— I mean, let's assume that he doesn't need anything else from the secretary. When he makes the statement that he was told by a commander that he would be receiving orders to deploy and he was required to reenlist, wouldn't that create a genuine issue of material fact in and of itself? It absolutely would, Your Honor, and that's part of the problem. It appears the district court judge made credibility determinations when, in fact, if looking at the evidence in a light most favorable to the plaintiff, that statement that you just referenced should have been accepted as true, and the motion for summary judgment should have been denied. Instead, what the district court chose to do was— Couldn't every plaintiff defeat summary judgment if they issued a self-serving affidavit or provided testimony that the argument or the issue that the other side is contesting is just not true? I disagree. That's not our standard. No, it's not, and if that were simply in isolation, that's all he had done is said— What you're saying the plus is for you is that he also has documents showing that he served. Absolutely. There's context that supports what he's saying. It's not just a statement that he's saying and there's nothing to support it. But there's—I actually disagree with this. I mean, I think you have a better argument on this particular issue. A plaintiff can, in fact, say and provide testimony as to a material fact. His material fact here is that the commanding officer said X. That goes to a jury. I agree. If it meets the legal qualification. This is not where a plaintiff said, I don't agree with that statement. The plaintiff presented facts here that said my commanding officer told me this. That may be true. That may be false. Who knows? But isn't that enough? And I'll be interested to hear from the union on this because, to me, if we're just looking at genuine issue of material fact, we can't get rid of this by saying, well, he didn't have anything more. I agree with that 100 percent, but to add to it, there's additional evidence. There's additional documents. Why isn't that hearsay? I mean, he's trying to prove the fact that there was this order and his only, I mean, he's making an assertion about what the commander said that's being offered to prove the truth of the matter asserted. What exception are you invoking to allow the hearsay rule to allow that to be admissible? What I'm saying is the statement itself should be sufficient, but there's additional things beyond the statement. Judge Miller's question is a good one, and I'd be interested in your response. Does it require admissible evidence to create a genuine issue of material fact? I have understood the law to be no, that it only has to create a genuine issue of material fact to which you could prove it at trial. That's the standard that I understand as well, but also his testimony itself is admissible. The documents are admissible. Well, the documents are, but his statement, my commanding officer told me that, might not be admissible. That part might be. But it could lead to admissible evidence. The way that he acted in response to what he understood is likely an exception to hearsay and in itself would likely be admissible. In addition to that, there is also the documents that I continue to reference. Can I go back to a question Judge Nelson asked near the beginning? So 4312C, I guess it's 4312C4B, he has to be ordered to or retained on active duty, and his statement is that that's what happened, because of a war or national emergency, and he says that that's what happened, as determined by the secretary concerned. So what is your understanding of what that clause means, as determined by the secretary? What that clause means is the secretary or his or her designee determines whether a particular operation or mission is being done because of a war or is being done because of a certain purpose, and that might not necessarily be reflected in an individual service member's orders. One of the things that was discussed during oral argument is sometimes these orders might be delivered en masse. Sometimes these delivered— But where's your issue? That's my concern about this case. I don't think there's a genuine issue of material fact. Whether documentation has to be verified or anything else, where's the genuine issue of material fact that the secretary made this determination? The general issue of material fact is that you have to look at the other evidence, and the other evidence shows that he was serving because of the global war on terror. But we don't—the statute is clear that as determined by the secretary. Now, it looks like in 2016 the Department of Defense has sort of recognized this is an issue, and they've, like, issued regulations designating certain deployments. I think your point en masse. But don't you have to have something that says that the secretary made this determination? You may not need a letter from the secretary, but you might need a public statement from the secretary. You might need a regulation. Hypothetically, if the commander had said, hey, the secretary called me, and he said your deployment, I mean, maybe that would be enough, but he didn't even say that. The statute itself does not have a specific documentary requirement to satisfy the exemption, and there is no case law. Yeah, but you have—but there has to be something. Where is the genuine issue of material fact? What can I point to to say that the secretary did this? The general issue of material fact is an inference can be drawn that the secretary did this because he would not be performing those duties unless someone at the secretary level or their designee had approved it. And the fact that the statute also— Not necessarily approved it for the war on terror. Correct. Okay. If it's being—based upon the duties that he was performing, it seems pretty clear that the duties he were performing were because of the global war on terror and in direct support of the global war on terror. And so because of that, I think you can draw an inference. And additionally, if you were to look at the statute in whole, the statute doesn't require a specific document. What it does is it says the employee, upon applying for USERRA benefits, is supposed to submit what they have, and the employer, if they want to ask for more documents, they may do so. In this case, that's exactly what Mr. Belastegui did. He showed up. He said, I've been away to war. Here's my documents. I'd like you to reemploy me under your policy. They did that. They said they'd give him credit. And then three years later, with the same documents, they chose to take that away. If you want to reserve— I would like to reserve my remaining time. Thank you. Thank you. So there is a—first, there is a document requirement in the statute. If you look at 43— Let's say we don't agree with you or we don't want to reach that in this particular case. What is the avenue for you here? Well, I think there is a requirement that one has to demonstrate the secretary's approval. You say document—okay, and that may be true, but that's different than a documentation requirement. Your Honor, I think there's different ways you could slice into this issue. One way you can do it is to simply look at the requirement of the provision that Judge Miller cited earlier that talks about how the exception applies and that it has in it the requirement as determined by the secretary concerned. So what about the argument from counsel that we can implicitly imply that? I don't think you can implicitly apply that because, among other things, in one of the undisputed statements of material fact at summary judgment—this is at 3 ER 398, item D38— there was admitted that the secretary didn't authorize an exemption in this case. That was part of the record that was created with respect to this issue. Oh. So— Wait, can you point me to that? Yes, Your Honor. Under 3 ER 398, it's part of the undisputed statement of material fact, and I invite you to look at D38. And that is undisputed that the secretary did not approve it? Did not authorize an exemption, I believe is the terminology.  Yeah. So—and apart from—even if we're not going to rely on that, which is part of the paperwork framework at summary judgment, there isn't anything here that links this to the secretary or any determination that the secretary made. And I think it's important, in thinking about the secretarial requirement, that what USERA has tried to do is strike a balance between encouraging enlistment, rewarding those who do, but also minimizing, to some extent, the disruption that is inevitable, particularly if people are away from the workplace for a long period of time. And that's reflected, I think, not just in the secretarial requirement, which I take to mean that not everyone who is in the military at the time of a war or national emergency is necessarily going to be able to benefit from the more than five-year rule, but also you recall that the statute was amended in 1996 in this particular provision that Judge Miller drew attention to earlier, the exception to the five-year rule that's at issue here. And it changed to say that the requirement for the exception is the service has to be because of the war, national emergency, as determined by the secretary and not during. So we moved also—I think there's another problem with the plaintiff's evidence, whether you view it as his testimony. So can I drill down on that testimony point? Because, I mean, obviously that would be the easiest way to resolve this case is to say, look, his testimony just doesn't create a material issue of fact. I have some concerns about saying that because I do think it creates a material issue of fact. It may not be admissible. What is your—I mean, do you think that that just doesn't create a—I mean, if he didn't have—let's put it this way. If he didn't have his oral statement, I don't think there's anything to say that there's no potential dispute of material fact on whether it was on a global war of terror or whether he— National emergency. Yeah, exactly. I agree with you, Your Honor, but also I don't think his statement—his statement, I believe, just rather ambiguously suggested that he was told that he had to reenlist because his commanding officer told him to do that. I don't think he— Well, I thought he— How are orders of involuntary enlistment—how are they typically— and I understand that you're not the employer, you're the union, so it's kind of an interesting— No, Your Honor, I'm actually with the PMA. Oh, okay. The union council is here with me, but I'm the spokesperson today. Okay. So can you explain, just as a matter of fact for me, how an involuntary order of enlistment occurs? Well, if we're talking about one that triggers USERA and the five-year exception, then I think you go to this document that's in our judicial notice request, which was promulgated by the Defense Department. Yeah, but that's a hard one because that's from 2016. I'm not sure that gets you. I mean, you're using that—you want us to infer that that is the way it's done, even though that happened after the fact? Well, but, Your Honor, let me walk you through why I think you can. So in the first place, let's remember that he applied for these benefits twice, really. The first time it was acted upon was in 2016, and then in 2018 again he sought to apply for them. And we know that this—and what I was going to draw your attention to in particular is the part— this is to get back to Judge Desai's question—the part in this document which points out that one of the obligations the Secretary has is to annotate the order to reflect the basis by which the service is being undertaken to show if it qualifies for a USERA exception. And thus, by annotating the order, what you do in effect is you address this involuntary enlistment scenario. But that didn't apply at the time that the order allegedly was given in 2007. That was from 2016. Your Honor, it did, according to the Sutton case in 2010— okay, yes, it's 2010, but at the time he's applying for the benefits, this order, this Defense Department order is in effect. But let me also point out, I think there is a—it's a misconception to think that the documentation has to be coincident with the enlistment or the benefits award. Because if you also look at this order in paragraph 9, starting on page 8, it talks about—it imposes on the Secretary of each department a responsibility to provide to various documents to service members with respect to establishing their USERA benefits, and that's particularly part 9D. In other words, the Secretary is supposed to provide documentation to confirm the availability of the benefit. And then it points out in 9H that the Secretary is also supposed to provide a statement if there is not sufficient documentation. So, Judge Nelson, to get back to your point, I think that you can go to the Department of Defense, even if you didn't get the documents when you were ordered or— Get a retroactive statement. Effectively. Boy, that seems like a high burden to put on these service members. Well, Your Honor, interestingly, if you look at the last part of this, employer information assistance, it doesn't allow the employer to do any of that. That's only something the service member can do. You're sure giving us the hardest way to rule in your favor. Can you take a step back? I feel like—  I was just trying to answer the question. I understand that, but I want to know the easiest way. It seems like there's a lot of different avenues. Maybe we agree with you. I just want—I'm trying to flesh out what's going on here because, I mean, can we just reject his statement? Give me your best argument for why we can just reject his statement that it does not—that that does not create a genuine issue. Well, that undisputed material fact, I think, takes me pretty much where I need to go in terms of satisfying the secretarial requirement. Okay. And you think we could just say because he doesn't say that it came from the Secretary, that's it. We don't need to go any further. And none of the documents do it. And I also think there remains an issue about whether his service was because of these events. Now— Well, but he says in his statement, was required for that deployment, which was part of the global war on terrorism. That's why I go back to the statement and say, if we assume that this statement can create a material fact, it seems to create a material fact as to fighting in the global war on terrorism. What it doesn't do is create a material fact that the Secretary approved it or designated it. I agree with you, certainly with respect to the Secretary, but even as to what I'll call the because of factor, if you look at those certificates, for example, that he's got that he received for his service, actually during his service in Kuwait, that's only a six-month period. Well, that was my question at the beginning, and I had understood the case that way. What I just heard was his argument is that everything after 2007 would have qualified for that. And to that I would say that in addition to my we still don't have the Secretary, that we have my because of point because I don't think that generalized testimony has got the level of specificity that's going to be necessary. In theory, we could say this may create a genuine issue of material fact as to nine months or eight months, whatever that time is from 2007, the Kuwait deployment. He doesn't hit the five-year mark with that, and there's no genuine issue of material fact as to anything else. I think you could say that, but I also would urge you in whatever you say to keep in mind that— You want us to talk about the Secretary. Well, I mean, I think one of the things that the Department of Defense, through its encyclical, has tried to do is to give people some guidelines about this. I mean, this is going to turn into a problem if anybody can come in and say, well, I had a conversation with somebody who told me I should reenlist. I take it your position is that to create a genuine issue of material fact and to survive summary judgment, a party needs to produce admissible evidence. Yes, I agree with that. That's exactly right, Your Honor. And also, if you decide that there is an easy path out of this case so you don't have to get into all of this, what documentation suffices, I think it's important that you not do anything which is going to close the door to the idea that it's still very much open for people to insist on documentation. And just to kind of go back to where I started— Well, it seems like your argument on that point is a lot stronger after 2016. Yes, Your Honor, but I do think that if you can— because the Sutton case in 2010 thought there was an annotation requirement, I appreciate that's a district court in Virginia, and then the Castellano case, which comes after from the Merit System Board, also suggests this annotation process. I mean, I think there is a regime that the military has for doing this, and taking what my friend said about this being a system that's supposed to be liberally construed to aid benefits, there is a list of documentation which is set out in the 0.123 regulation, and that's promulgated pursuant to the authority of 43.12.F.1, which talks about—I'm sorry, F.2, which specifically directs that there be regulations that are promulgated. So I think there is a documentation regime that is expected. It's necessary to make this work efficiently from an employment point of view, and I also think that it's consistent with the fact that Congress struck this balance as to how far these benefits were supposed to extend, given the fact there is a cost that employers suffer as a result of it. So I think that's all I have to offer, unless you have questions for me. Thank you. Thank you, Your Honors. I just want to point out that the record 398, the fact that plaintiff has not disputed, is that Mr. Belstegi has not identified any documents that state that the Secretary of Air Force authorized an exemption. He didn't state or admit that the Secretary did not authorize an exemption. And I'd also like to point the Court's attention to Section 43.12.F.4. The employer cannot demand documents that do not then exist or are not then readily available. In this case, Mr. Belstegi submitted what he had in 2013. The employer had the opportunity to ask for more documents. They chose not to. That's not Mr. Belstegi's fault, and he shouldn't be punished for it. Thank you so much. Thank you to both counsel for your arguments. That resolves our arguments for today, and the Court is adjourned. All rise.
judges: NELSON, MILLER, DESAI